The STATE of Ohio, Appellant,

v.

INGRAM, Appellee.

[Cite as *State v. Ingram* (1998), 125 Ohio App.3d 411.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 16783.

Decided Jan. 30, 1998.

*Carley J. Ingram,* Montgomery County Assistant Prosecuting Attorney, for appellant.

*Suzanne M. Lough Wynn,* Montgomery County Assistant Public Defender, for appellee.

---

FREDERICK N. YOUNG, Presiding Judge.

The state of Ohio is appealing pursuant to R.C. 2945.67(A) and Crim.R. 12(J) from the decision of the Common Pleas Court of Montgomery County to suppress

evidence obtained from Michael Ingram after he was arrested pursuant to an outstanding active capias warrant for his arrest.

The trial court suppressed the evidence of crack cocaine and other drug paraphernalia found on Ingram on the basis that the stop and detention of Ingram prior to the search was itself in violation of his constitutional right to be free of unreasonable searches and seizures. The facts which support the judge's decision and his rationale for it are set forth in his decision rendered following a full hearing on the motion to suppress, during which the two arresting officers testified, as follows:

"On June 1, 1997, Officer Huddleston of the Dayton Police Department observed Defendant in a red Chevrolet Cavalier leaving what the officer suspected was a 'crack house.' Defendant and the driver of the vehicle had been inside the residence for approximately 45 minutes.

"Based on the Officer's general suspicion that the residence visited by the Defendant and driver was a 'crack house,' the officer proceeded to stop the vehicle approximately one mile from that residence. The Officer had at no time observed any traffic or criminal violations. During this unjustified stop, the officer asked the driver for her license, which she provided and then the officer asked the Defendant for his license. Defendant refused to give Officer Huddleston a license and Officer Huddleston removed the Defendant from the car. Defendant finally admitted that he did not have an operator's license. A second police officer joined Officer Huddleston at the scene. Officer Huddleston proceeded to search the Defendant because he had observed Defendant at the suspected 'crack house.' The second police officer then persuaded the driver to allow a search of the interior of the vehicle. During these searches the police found remnants of crack cocaine and Defendant was charged with Felony Cocaine Possession.

"LAW AND ANALYSIS

"The Court agrees with the Defendant, in that, Officer Huddleston conducted a warrantless pretext stop of the vehicle, violating the Defendant's rights to be free of unreasonable searches and seizures. In order to stop a vehicle without observation of a traffic or criminal violation, the Officer must have reasonable suspicion supported by specific articulable facts. Terry v. Ohio [1968] [392] U.S. 1, 21–22 [88 S.Ct. 1868, 1879–1881, 20 L.Ed.2d 889, 905–907]. In the case at bar, the Officer suspected that the residence visited by the Defendant was a 'crack house.' One reason the Officer believed this residence to be a 'crack house' was because of the number of people coming and going from the house and on each occassion [sic] only remaining for a few minutes. In contrast, the Defendant visited the house for approximately 45 minutes. The facts do not support or justify any stop and all evidence flowing from the stop is tainted fruit of the

poisonous tree and must be suppressed. *Wong Sun v. United States* (1963), 371 U.S. 471, 83 S.Ct. 407 [9 L.Ed.2d 441].

"CONCLUSION

"For the reasons set forth above, the Defendant's Motion is SUSTAINED. SO ORDERED."

On appeal, the state assigns as error that "the trial court erred in suppressing the evidence" and relies solely upon this court's previous decisions in *Dayton v. Click* (Oct. 5, 1994), Montgomery App. No. 14328, unreported, 1994 WL 543210, and *State v. Meyers* (May 31, 1995), Montgomery App. No. 14856, unreported, 1995 WL 328159.

In the *Click* case, followed by *Meyers*, this court established the doctrine that evidence obtained from a person placed under arrest pursuant to an existing warrant for an individual's arrest will not be suppressed pursuant to the exclusionary rule even if the stop and seizure of the individual was unjustified and violated his constitutional rights under the Fourth Amendment.

We have read the record, including the entire transcript of the suppression hearing, and we agree with Judge Meagher's decision that the stop and seizure of Ingram were not justified and violated his constitutional rights. However, the evidence suppressed by the trial court was obtained only after Ingram's arrest, after the stop and his detention, when the arresting officers discovered that he had an existing capias for his arrest out of the city of Dayton. Pursuant to our decisions in *Click* and *Meyers*, we are bound to sustain the state's assignment of error. The state raised this issue under *Click* and *Meyers* for the first time on appeal in its brief. The appellee, in his brief, did not respond or refer to this issue as raised by the state. We may not disregard the *Click* and *Meyers* doctrine simply because it was not raised at the trial level for the reason that it obviously constitutes plain error in that its recognition changes the outcome of the decision on the suppression of the evidence. *State v. Moreland* (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894, 899.

In *Click*, we opined:

"In the case before us the officers' warrantless stop of Robert Click appears to have been unreasonable by Terry's standards. However, at the time of the stop, Click had no reasonable expectation of privacy in his vehicle because Click knew that there were outstanding warrants for his arrest.

"We see no violation of either Click's privacy rights or the principles behind the exclusionary rule simply because the officers were not aware of their duty to arrest Click until approximately twenty minutes after the stop." *Click, supra,* at 2.

In *Meyers,* this court followed *Click* and further stated:

"Agents of the state do not violate the law when they stop a person subject to an arrest warrant and privacy rights are not violated when the state has a warrant which authorizes the invasion of that privacy.

"We see no violation of the principles behind the exclusionary rule simply because the arresting officer was not aware of the warrant to arrest Meyer until after the stop." *Meyers, supra,* at 1.

The Supreme Court of Ohio refused to accept the appeals in both *Click* and *Meyers,* albeit by a four-to-three vote in the *Meyers* case. Moreover, research has not revealed any court citing *Click* or *Meyers* either to agree with the doctrine or disagree with it.

The sole assignment of error is sustained.

The judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BROGAN and GRADY, JJ., concur.