DECISION AND JUDGMENT ENTRY
This is an appeal from a Scioto County Common Pleas Court judgment of conviction and sentence. The trial court found Scott Groves, defendant below and appellant herein, guilty of drug possession, in violation of R.C. 2925.11 (A).
Appellant raises the following assignment of error for review:
 "THE TRIAL COURT ERRED IN NOT SUPPRESSING THE UNLAWFUL SEARCH AND SEIZURE OF THE PASSENGER OF A VEHICLE THAT WAS CITED FOR A NONARRESTABLE TRAFFIC OFFENSE."
Our review of the record reveals the following facts pertinent to the instant appeal. On May 22, 1998, the Portsmouth Police Department dispatcher received an anonymous tip that appellant and another individual, an older gentlemen, were in the Sterling Avenue area. The caller stated that appellant would be purchasing drugs on Dale Street. The caller gave a description of the vehicle appellant and the other individual were using and also gave the vehicle's license plate number. The caller stated that the vehicle was located near Sterling Avenue. The dispatcher called the Drug Task Force and gave the task force the information.
Portsmouth Police Officer Todd Bryant, assigned to the Southern Ohio Law Enforcement Drug Task Force, stated that he and Lieutenant Homer followed up on the information. The officers drove to the Sterling Avenue area and noticed a car matching the caller's description. When the officers first saw the car, the older gentleman was sitting in the car. Shortly after the officers arrived, appellant appeared and entered the vehicle on the passenger side of the vehicle. The car then drove away.
Officer Bryant and Lieutenant Horner followed the vehicle and observed the driver failed to stop at a stop sign. Because Bryant and Horner were in an unmarked car, the officers called for a marked police car to conduct the traffic stop. Sergeant David Hall and Patrolman Charles Crapew soon arrived in a marked vehicle.
Once the officers stopped the vehicle, Lieutenant Horner approached the driver and Bryant approached appellant, the passenger. Officer Bryant testified that he was familiar with appellant, having arrested appellant a few years ago for trafficking in marijuana. Officer Bryant further stated that he was aware that appellant had been arrested a few weeks prior to the May 22, 1998 incident for felony drug charges.
Sergeant Hall subsequently indicated that appellant had outstanding and active arrest warrants originating from the State of Kentucky. The officers thereupon arrested appellant and removed him from the vehicle. When appellant exited the vehicle, the officers saw a large amount of cash sticking out from his pocket. Officer Bryant searched appellant and discovered four and one-half morphine pills. Meanwhile, the officers issued a stop sign violation citation to the vehicle's driver.
On August 21, 1998, the Scioto County Grand Jury returned an indictment charging appellant with one count of possession of drugs, in violation of R.C. 2925.11(A). On December 4, 1998, appellant filed a motion to suppress evidence. In his motion, appellant asserted that the law enforcement officers lacked any cause to stop the vehicle in which appellant had been a passenger, and consequently, the subsequent search was illegal.
The state argued that the officers discovered the drugs during a search incident to a lawful arrest. The state noted that the officers learned that appellant had outstanding warrants, decided to arrest him, ordered him out of the car, and searched him incident to the arrest.
On December 11, 1998, the trial court overruled appellant's motion to suppress. On December 14, 1998, appellant entered a no contest plea to the drug charge. Appellant filed a timely notice of appeal.
In his sole assignment of error, appellant argues that the trial court erred by failing to suppress the evidence discovered during the search of his person. Appellant contends that the officers violated his Fourth Amendment right to be free from unreasonable search and seizure because the officers had no basis to search a passenger (appellant) in a vehicle.
The state argues that the officers conducted a valid search incident to a lawful arrest. The state notes that the officers testified that they searched appellant after they learned that appellant had outstanding warrants and after the decision was made to arrest appellant.
Initially, we note that in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses. See State v. Dunlap (1995), 73 Ohio St.3d 308,314, 652 N.E.2d 988, 995; State v. Fanning (1982),1 Ohio St.3d 19, 20, 437 N.E.2d 583, 584. Accordingly, a reviewing court must defer to the trial court's findings of fact if supported by competent, credible evidence. See Dunlap, supra;State v. Curry (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172,1174. The reviewing court then must independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case. See Curry, 95 Ohio App.3d 93, 96, 641 N.E.2d at 1174; State v.Shelpman (May 23, 1991), Ross App. No. 1632, unreported.
The Fourth Amendment to the United States Constitution protects individuals against unreasonable governmental searches and seizures. In Katz v. United States (1967), 389 U.S. 347, 357,88 S.Ct. 507, 514, 19 L.Ed.2d 576, the Supreme Court held that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions." See, also, Arkansasv. Sanders (1979), 442 U.S. 753, 759, 99 S.Ct. 2586, 2591,61 L.Ed.2d 235 (stating that a warrantless search is per se
unreasonable and can be justified only if it falls within one of the "jealously and carefully drawn" exceptions to theFourth Amendment warrant requirement); State v. Sneed (1992), 63 Ohio St.3d 3,6-7, 584 N.E.2d 1160, 1165; State v. Braxton (1995),102 Ohio App.3d 28, 36, 656 N.E.2d 970, 975.
The authority of law enforcement officers to conduct a search incident to a lawful arrest is a well-established exception to the Fourth Amendment warrant requirement. See Chimel v.California (1969), 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685;Weeks v. United States (1914), 232 U.S. 383, 34 S.Ct. 341,58 L.Ed. 652. A search incident to a lawful arrest permits an officer to "conduct a full search of the arrestee's person, and that search is not limited to the discovery of weapons, but may include evidence of a crime as well." State v. Jones (1996),112 Ohio App.3d 206, 215, 678 N.E.2d 285, 291 (citing United Statesv. Robinson (1973), 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427;Gustafson v. Florida (1973), 414 U.S. 260, 94 S.Ct. 488,38 L.Ed.2d 456)
The United States Supreme Court has elaborated upon the nature of a search incident to arrest as follows:
 "* * * A custodial arrest of a suspect based upon probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification. It is the fact of the lawful arrest, which establishes the authority to search, and we hold that in the case of lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a `reasonable' search under that Amendment."
Robinson, 414 U.S. at 235, 94 S.Ct. at 477, 38 L.Ed.2d 427. Thus, after a lawful custodial arrest, law enforcement officers may conduct a full search of the arrestee. See Michigan v. DeFillippo
(1979), 443 U.S. 31, 35, 99 S.Ct. 2627, 2631, 61 L.Ed.2d 343;Robinson, 414 U.S. at 235, 94 S.Ct. at 477, 38 L.Ed.2d 427;Gustafson.
Generally, the existence of an arrest warrant authorizes law enforcement officers to arrest and search the arrestee incident to that arrest. See State v. Meyers (May 31, 1995), Montgomery App. No. 14856, unreported, discretionary appeal not allowed (1995), 74 Ohio St.3d 1418, 655 N.E.2d 738. In Meyers, the court stated:
 "It is well settled that a search and seizure made incident to a lawful arrest pursuant to a warrant is reasonable by Fourth Amendment standards. Given a valid warrant to arrest, we simply do not get to issues involving warrantless searches and seizures.
 Agents of the state do not violate the law when they stop a person subject to an arrest warrant and privacy rights are not violated when the state has a warrant which authorizes the invasion of that privacy."
In State v. Lynch (June 5, 1998), Montgomery App. No. 17028, unreported, the court further explained the Meyer holding as follows:
 "A person for whom a warrant for arrest has been issued is subject to a wide open stop and arrest under that outstanding warrant, but the existence of such an outstanding warrant does not retroactively validate subsequent unconstitutional intrusions and indignities following an unconstitutional stop. Evidence so unconstitutionally seized prior to the valid arrest under an outstanding warrant is subject to suppression."
See, also, State v. Ingram (1998), 125 Ohio App.3d 411,708 N.E.2d 782; State v. Anderson (Jan. 8, 1999), Montgomery App. No. 17205, unreported.
In the case at bar, the officers, during a routine traffic stop, became aware of appellant's arrest warrant. Thus, the officers lawfully arrested and lawfully searched appellant incident to that arrest.
Appellant argues, however, that the officers exceeded the permissible bounds of a routine traffic stop by conducting a warrant check on appellant, a passenger in the vehicle. We find no merit to appellant's argument.
We note that the officers lawfully stopped the vehicle in which appellant was a passenger for a traffic violation. See Whren v.United States (1996), 517 U.S. 806, 810, 116 S.Ct. 1769, 1772,135 L.Ed.2d 89 (stating that "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred"). Thus, to the extent appellant appears to argue that the officers were required to possess reasonable suspicion of illegal drug activity prior to stopping the vehicle, we reject appellant's argument. Furthermore, the officers knew appellant's identity from prior encounters and the officers quickly determined that an arrest warrant existed for appellant's arrest.
We agree with appellant that when police stop a driver for a minor traffic offense and issue a traffic citation (a noncustodial detention), generally police may not conduct a Robinson-type search incident to arrest absent some other independent basis for the search unrelated to the minor traffic offense. See, generally, Knowles v. Iowa (1998), 525 U.S. 113,119 S.Ct. 484, 142 L.Ed.2d 494. In the instant case, however, we agree with appellee that appellant's search did not involve a "search incident to a non-custodial citation." See Knowles. The search of appellant in this case, as we point out above, constitutes a search incident to a lawful arrest. Robinson,supra; Jones, supra.
Thus, based upon the facts present in the case sub judice, we agree with the trial court that the officers properly arrested and searched appellant and we find no error with the trial court's decision to overrule appellant's motion to suppress evidence. Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KLINE, P.J. EVANS, J., Concur in Judgment Opinion
For the Court
 BY: _________________________ Peter B. Abele Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
99-2202. In re Resignation of Stimmel.
The resignation as an attorney of John Phillip Stimmel, Attorney Registration No. 0007300, is accepted.