OPINION
Defendant, Mark Carr, appeals from his conviction and sentence for possession of crack cocaine.
On January 2, 2001, Dayton police officers Reboulet and Rike were on patrol in a marked cruiser in public housing areas controlled by the Dayton Metropolitan Housing Authority. Sgt. Abney was working with them in an unmarked vehicle.
At around 10:25 p.m., Sgt. Abney radioed to Officers Reboulet and Rike that a suspect who was standing near the corner of McCall and Dearborn had just attempted to flag down Abney's vehicle. Officers Reboulet and Rike were only ten to fifteen seconds behind Sgt. Abney's vehicle at that point, and as they approached McCall and Dearborn they observed a man attempting to flag down another vehicle. The officers decided to investigate because they knew from their experience that this was a high crime, high drug activity area where crack cocaine is frequently sold by flagging down passing motorists.
Officer Reboulet pulled the police cruiser up next to the curb where the man stood. The cruiser's emergency overhead lights were not activated. Reboulet and Rike got out of the cruiser, approached the suspect, and asked to speak with him. He agreed, and the officers then asked why he had attempted to flag down Sgt. Abney's vehicle. The suspect responded that he knew the driver. Police then asked for identification, whereupon he provided his name, date of birth, and social security number, identifying him as Defendant, Mark Jerome Carr.
Officer Reboulet performed a records check of the information provided by Defendant and discovered an active warrant for Defendant's arrest out of Greene County. After verifying the validity of that warrant, Officers Reboulet and Rike arrested Defendant on the outstanding warrant.
The officer performed a cursory patdown of Defendant's outer clothing for weapons and then transported Defendant to the Montgomery County jail. A more thorough search of his clothing performed at the jail produced a small piece of a chunky white substance in the left pocket of the nylon pants Defendant wore underneath a pair of coveralls. The result of a field test of the substance was positive for cocaine.
Defendant was indicted on one count of possessing crack cocaine in an amount less than one gram. R.C. 2925.11(A). Defendant filed a motion to suppress the physical evidence. A hearing was held, following which the trial court overruled Defendant's motion to suppress. Defendant subsequently entered a plea of no contest to the charge and was found guilty by the trial court. He was sentenced according to law., Defendant timely appealed to this court from his conviction and sentence. Defendant's appellate counsel filed an Anders brief, Anders v. California (1967), 386 U.S. 738, stating he could find no meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been filed.,
Defendant's appellate counsel identifies one potential issue for appeal:
 THE TRIAL COURT ERRED IN NOT SUPPRESSING THE COCAINE OBTAINED AT THE POLICE STATION BECAUSE THE INITIAL STOP CONSTITUTED AN UNREASONABLE SEARCH AND SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE II, SECTION 14 OF THE OHIO CONSTITUTION.
Defendant's counsel states that one possible issue for appellate review is whether Defendant's initial stop and detention by police violated hisFourth Amendment rights. The trial court concluded that sufficient reasonable suspicion based upon specific articulable facts that Defendant was engaging in criminal activity existed to justify a Terry investigative stop. Terry v. Ohio (1968), 392 U.S. 1. Defendant's appellate counsel agrees with that conclusion, as do we.
More importantly, as the prosecutor argued during the suppression hearing and Defendant's appellate counsel concedes, the issue is controlled by the rule of State v. Ingram (1998), 125 Ohio App.3d 411, wherein this court stated that, with respect to searches performed incident to an arrest, . . . evidence obtained from a person placed under arrest pursuant to an existing warrant for an individual's arrest will not be suppressed pursuant to the exclusionary rule even if the stop and seizure of the individual was unjustified and violated his constitutional rights under the Fourth Amendment.
See also: Dayton v. Click (October 5, 1994), Montgomery App. No. 14328, unreported; State v. Meyers (May 31, 1995), Montgomery App. No. 14856, unreported.
The evidence which Defendant sought to suppress was obtained by police only after Defendant's arrest pursuant to a valid outstanding warrant. Under those circumstances, the validity of the initial stop and seizure of Defendant is immaterial.
In addition to examining the errors raised by Defendant's appellate counsel, we have also conducted an independent review of the record of the trial proceedings. We see no prejudicial error which deprived Defendant of a fair trial.
The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.